UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RONALD RAY STRONG,

        Petitioner,

vs.                                      Case No. 3:05-cv-383-J-33HTS

JAMES R. MCDONOUGH,[1] et al.,

        Respondents.

## ORDER OF DISMISSAL WITH PREJUDICE

### I. Status

Petitioner, an inmate of the Florida penal system who is proceeding pro se, initiated this action by filing a Petition (Doc. #2) for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on March 7, 2005. He challenges his 2004 St. Johns County conviction for trafficking in cocaine, trafficking in amphetamines and felony possession of cannabis on three grounds. Specifically, he contends that he received ineffective assistance of counsel for counsel's failure to: (1) object when the trial court determined the quantity of drugs involved in the offenses; (2) argue against the imposition of a mandatory minimum sentence and a $50,000 fine; and, (3) to argue against an unconstitutionally disproportionate fine.

---

[1] James R. McDonough, the Secretary of the Florida Department of Corrections, is substituted as the proper party Respondent for James V. Crosby, Jr., pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

On August 22, 2005, Respondents filed a Response to Petition (Doc. #11) (hereinafter Response), with a supporting Appendix (hereinafter App.). Petitioner's Traverse to State's Response (Doc. #12) was filed on September 26, 2005. Thus, this case is ripe for review.[2]

## II. Evidentiary Hearing

This Court has carefully reviewed the record and concludes Petitioner is not entitled to an evidentiary hearing. A habeas corpus petitioner is entitled to an evidentiary hearing in federal court if he alleges facts which, if proven, would entitle him to habeas corpus relief. Smith v. Singletary, 170 F.3d 1051, 1053-54 (11th Cir. 1999) (citation omitted); Cave v. Singletary, 971 F.2d 1513, 1516 (11th Cir. 1992) (citing Townsend v. Sain, 372 U.S. 293 (1963)). Here, the pertinent facts of the case are fully developed in the record before the Court. The Court can "adequately assess [Petitioner's] claim[s] without further factual development." Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004). Therefore, an evidentiary hearing will not be conducted by this Court.

---

[2] The state court procedural history is set forth in the Response. See Response at 1-4. Respondents assert, and this Court agrees, that this action was timely filed and that Petitioner exhausted all of his grounds in state court. Therefore, the Court will not summarize the state court procedural history.

2

### III.  Standard of Review

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214 (hereinafter AEDPA).  Since this action was filed after the effective date of AEDPA, the Court will analyze Petitioner's claim under 28 U.S.C. § 2254(d), as amended by AEDPA. Nelson v. Alabama, 292 F.3d 1291, 1294-95 (11th Cir. 2002), cert. denied, 538 U.S. 926 (2003); Fugate v. Head, 261 F.3d 1206, 1215 n.10 (11th Cir. 2001), cert. denied, 535 U.S. 1104 (2002); Wilcox v. Florida Dep't of Corr., 158 F.3d 1209, 1210 (11th Cir. 1998), cert. denied, 531 U.S. 840 (2000).

The Eleventh Circuit has described the standard of review under AEDPA and has explained:

> The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this [action] and limits our review of the decisions of the state courts:
>
> > A federal court may not grant a petition for a writ of habeas corpus to a state prisoner on any claim that has been adjudicated on the merits in state court unless the adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in state court.
>
> Clark v. Crosby, 335 F.3d 1303, 1307-08 (11th Cir. 2003) (citations omitted).  A general

framework of substantial deference governs our review of every issue that the state courts have decided:

> [A] state-court decision can be "contrary to" this Court's clearly established precedent in two ways. First, a state-court decision is contrary to this Court's precedent if the state court arrives at a conclusion opposite to that reached by this Court on a question of law. Second, a state-court decision is also contrary to this Court's precedent if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours.
>
> . . . .
>
> [A] state-court decision can involve an "unreasonable application" of this Court's clearly established precedent in two ways. First, a state-court decision involves an unreasonable application of this Court's precedent if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case. Second, a state court decision also involves an unreasonable application of this Court's precedent if the state court either unreasonably extends a legal principle from our precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.

<u>Williams v. Taylor</u>, 529 U.S. 362, 405-07, 120 S.Ct. 1495, 1519-20, 146 L.Ed.2d 389 (2000).

Diaz v. Sec'y for the Dep't of Corr., 402 F.3d 1136, 1141 (11th Cir.), cert. denied, 126 S.Ct. 803 (2005).

The Eleventh Circuit addressed the application of the "contrary to" clause in reviewing a state court adjudication:

> In applying the "contrary to" prong of AEDPA, we have recognized that where no Supreme Court precedent is on point, "we cannot say that the state court's conclusion . . . is contrary to clearly established Federal law as determined by the U.S. Supreme Court." McIntyre v. Williams, 216 F.3d 1254, 1258 (11th Cir. 2000).

Washington v. Crosby, 324 F.3d 1263, 1265 (11th Cir.), cert. denied, 540 U.S. 965 (2003).

Under 28 U.S.C. § 2254(d)(2), this Court must determine whether the state court's adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Furthermore, AEDPA "also directs that a presumption of correctness be afforded factual findings of state courts, which may be rebutted only by clear and convincing evidence. See id. at § 2254(e)(1). This presumption of correctness applies equally to factual determinations made by state trial and appellate courts." Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003) (footnote omitted) (citing Sumner v. Mata, 449 U.S. 539, 547 (1981)).

Finally, for a state court's resolution of a claim to be an adjudication on the merits, so that the state court's determination will be entitled to deference for purposes of federal habeas corpus

review under AEDPA, all that is required is a rejection of the claim on the merits, not an opinion that explains the state court's rationale for such a ruling. Wright v. Sec'y for the Dep't of Corr., 278 F.3d 1245, 1255 (11th Cir. 2002), cert. denied, 538 U.S. 906 (2003). See Peoples v. Campbell, 377 F.3d 1208, 1227 (11th Cir. 2004), cert. denied, 125 S.Ct. 2963 (2005). Thus, to the extent that Petitioner's claims were adjudicated on the merits in the state courts, they must be evaluated under the new § 2254(d).

### IV. The Applicable Law

"The Sixth Amendment guarantees criminal defendants effective assistance of counsel. That right is denied when a defense counsel's performance falls below an objective standard of reasonableness and thereby prejudices the defense." Yarborough v. Gentry, 540 U.S. 1, 5 (2003) (per curiam) (citations omitted). The Eleventh Circuit captured the essence of an ineffectiveness claim:

> [A] petitioner must show that his lawyer's performance fell below an "objective standard of reasonableness" and that the lawyer's deficient performance prejudiced the petitioner. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Establishing these two elements is not easy: "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." Waters v. Thomas, 46 F.3d 1506, 1511 (11th Cir. 1995) (en banc) (quoting Rogers v. Zant, 13 F.3d 384, 386 (11th Cir. 1994)).
>
> For assessing a lawyer's performance, Chandler v. United States, 218 F.3d 1305 (11th Cir. 2000) (en banc) cert. denied, 531 U.S.

> 1204, 121 S.Ct. 1217, 149 L.Ed.2d 129 (2001), sets out the basic law: "Courts must indulge the strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment." Id. at 1314 (internal marks omitted). . . . Our role in reviewing an ineffective assistance claim is not to "grade" a lawyer's performance; instead, we determine only whether a lawyer's performance was within "the wide range of professionally competent assistance." See Strickland, 104 S.Ct. at 2066.
>
> The inquiry into whether a lawyer has provided effective assistance is an objective one: a petitioner must establish that no objectively competent lawyer would have taken the action that his lawyer did take." See Chandler, 218 F.3d at 1315. . . .
>
> A petitioner's burden of establishing that his lawyer's deficient performance prejudiced his case is also high. "It is not enough for the [petitioner] to show that the errors had some conceivable effect on the outcome of the proceeding. Virtually every act or omission of counsel would meet that test." Strickland, 104 S.Ct. at 2067. Instead, a petitioner must establish that a reasonable probability exists that the outcome of the case would have been different if his lawyer had given adequate assistance. See id. at 2068.

Van Poyck v. Florida Dep't of Corrections, 290 F.3d 1318, 1322-23 (11th Cir. 2002) (per curiam) (footnotes omitted), cert. denied, 537 U.S. 812 (2002), 537 U.S. 1105 (2003).

In sum, "[w]ithout proof of both deficient performance and prejudice to the defense, . . . it could not be said that the sentence or conviction 'resulted from a breakdown in the adversary process that rendered the result of the proceeding unreliable,' and

7

the sentence or conviction should stand." Bell v. Cone, 535 U.S. 685, 695 (2002) (internal citation omitted) (quoting Strickland v. Washington, 466 U.S. 668, 687 (1984)).

In order to succeed on an ineffective assistance of trial counsel claim concerning a nolo contendere plea, a petitioner must show (1) that counsel's representation fell below an objective standard of reasonableness; and, (2) a reasonable probability that, but for counsel's unprofessional errors, he would not have pleaded nolo contendere and would have insisted on going to trial. See Hill v. Lockhart, 474 U.S. 52, 57-59 (1985) (extending the test adopted in Strickland to cases involving guilty pleas).

### V. Findings of Fact and Conclusions of Law

As noted previously, Petitioner contends that he received ineffective assistance of counsel for counsel's failure to: (1) object when the trial court determined the quantity of drugs involved in the offenses; (2) argue against the imposition of a mandatory minimum sentence and a $50,000 fine; and, (3) to argue against an unconstitutionally disproportionate fine. Petitioner raised these three claims in a motion for post-conviction relief, and after identifying Strickland as the controlling legal authority, the trial court adjudicated the claims as follows:

> In Ground One of Defendant's motion he claims that his counsel was ineffective for failing to object to the trial court being the sole finder of fact in determining the quantity of drugs in his case. He claims his counsel told him that there was nothing they

could do about the minimum mandatory sentence due to the amount of drugs involved, and that counsel failed to inform him that there must be an express finding as to the amount of drugs by the jury for any minimum mandatory to take effect. He believes that if his counsel had objected, th[e]n a jury would have been empaneled which would have found that the Defendant was not subject to the minimum mandatory sentence. The Defendant in this ground overlooks the fact that he was sentenced pursuant to a plea agreement. While a jury finding as to amount is necessary if a trial takes place, See <u>State v. Estevez</u>, 753 So.2d 1 (Fla. 1999), no trial took place in this case, and the Defendant acquiesced to the sentence he received in his agreement with the state. The trial judge was bound to abide by the terms of the agreement if he accepted it, and was not free to increase or decrease the sentence without the approval of the parties. Clearly, no jury finding as to amount was necessary if no trial ever took place. Accordingly, the Defendant's counsel cannot be said to have been ineffective for failing to make an argument with no basis in the law. Further, the Defendant has failed to show that he has been prejudiced by his counsel['s] failure to make an argument that was sure to fail if presented.

In Ground two the Defendant argues that his counsel was ineffective for failing to argue against the imposition of the $50,000 fine. He claims that had his counsel explained to the trial judge that he had provided substantial assistance to prosecutors, the trial judge would have discretionarily reduced his fine, or done away with it altogether. Again, the Defendant ignores the fact that his sentence was the result of a negotiated plea agreement. Further, Florida Statute 893.135(4) (under which the Defendant was sentenced) does not allow the defendant's counsel to move the court for a reduced sentence due to substantial assistance, but authorizes the state attorney to make such a request of the

9

> court. The Defendant's counsel cannot be said to have been deficient for not requesting of the court that which he had no authorization to request, and further even had such a request been made the trial judge was bound by the terms of the plea agreement which he had accepted.
>
> The Defendant, in his final Ground for relief, argues that his counsel was ineffective for failing to argue for the disproportionality of his fine in relation to the crime he committed, which he believes makes the fine unconstitutional. The Defendant fails to cite to any case law in support of this argument because none exists. The legislature is bound to determine the maximum and minimum penalties for violations of the law, and only in extreme cases of legislative abuse of judgment will the judiciary hold a penalty to be unconstitutional on disproportionality grounds. State v. Benitez, 395 So.2d 514 (Fla. 1981). If the sentence which the Defendant received is not unconstitutional, his counsel can hardly be said to have been ineffective for failing to argue that it was.

App. F at 2-4.

These claims were rejected on the merits by the trial court and the trial court's decision was affirmed on appeal. See App. H at 1. Thus, there are qualifying state court decisions from both the state trial and appellate courts. The Court must next consider the "contrary to" and "unreasonable application" components of the statute. "It is the objective reasonableness, not the correctness per se, of the state court decision that we are to decide." Brown v. Head, 272 F.3d 1308, 1313 (11th Cir. 2001), cert. denied, 537 U.S. 978 (2002).

10

Upon a thorough review of the record and the applicable law, it is clear that the state courts' adjudications of these claims were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, Petitioner is not entitled to relief on the basis of these claims.

Additionally, this Court finds these claims to be without merit for the reasons stated by the Respondents in their Response. See Response at 13-19. Finally, this Court also finds these claims to be without merit because Petitioner has not shown the requisite prejudice.

During the plea colloquy, the trial court informed Petitioner that "there is in fact a fine of $50,000" and that "there is a three-year minimum mandatory i[n] this case." App. C at 4. Furthermore, the state offered the following factual basis for the plea:

> On or about the 18th day of June, year 2003, within St. Johns County, a search warrant was executed at the defendant's residence, and during the service of the search warrant they found cocaine in an amount over 28 grams, trafficking amount; methamphetamine, also over 28 grams; and cannabis in excess of 20 grams.

Id. at 7.

11

Defense counsel had no objections to the proffered factual basis. Id. At this point, the trial court asked, "Mr. Strong, you still want to enter these pleas?" Id. The Petitioner replied, "Yes, sir." Id. at 8.

Thus, even though the Petitioner had no objection to the factual basis, and he had been informed that he would be subject to the three-year minimum mandatory term of incarceration and the $50,000 fine, he still elected to enter his plea. In fact, Petitioner does not wish to change his plea at this time. The only relief he seeks in this case is for this Court to "lift the mandatory minimum portion of the sentence and defer payment of or strike the $50,000 fine." Petition at 6. Thus, Petitioner has neither alleged nor shown there is a reasonable probability that, but for counsel's alleged errors, he would not have pleaded nolo contendere and would have insisted on proceeding to trial. He is merely dissatisfied with the agreement he entered into, and requests this Court to modify that agreement. Such relief is not available.

Thus, for the above-stated reasons, the Petition will be denied, and this case will be dismissed with prejudice.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. The Petition (Doc. #2) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2.    The Clerk of the Court shall enter judgment accordingly and close this case.

**DONE AND ORDERED** in chambers in Jacksonville, Florida, this 7th day of February, 2007.

                                           _____
                                           VIRGINIA M. HERNANDEZ COVINGTON
                                           UNITED STATES DISTRICT JUDGE

ps 2/5
c:
Ronald Ray Strong
Assistant Attorney General Koller